BLD-132                                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-4352
_____

GEORGE VASQUEZ,
                        Appellant

v.

JOHN B. DWYER, Deputy Public Defender;
JAMES F. AVIGLIANO, Passaic County Prosecutor;
DOMINIC F. PALUMBO, Criminal Division Manager;
MARILYN CLARK, Superior Court Judge

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 09-cv-01934)
District Judge:  Honorable Joseph A. Greenaway

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

February 25, 2010

Before: McKEE, RENDELL and CHAGARES, Circuit Judges

(Filed: April 22, 2010)

_____

OPINION OF THE COURT

_____

PER CURIAM

George Vasquez filed a complaint under 42 U.S.C. § 1983 alleging that appellees had lost files containing his arrest warrant which he needed to prove his arrest was illegal. The District Court dismissed the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim and for seeking relief from defendants with immunity. Vasquez filed a timely notice of appeal.

Because Vasquez is proceeding in forma pauperis on this appeal, we must analyze his appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B), we must dismiss an appeal if the action (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary damages from a defendant with immunity. An action or appeal can be frivolous for either legal or factual reasons. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In his complaint, Vasquez alleged that John Dwyer, his public defender, intentionally lost his trial file because Vasquez had filed a complaint against him. As noted by the District Court, public defenders are not state actors. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Thus, Vasquez's allegations against appellee Dwyer fail to state a claim under § 1983. Moreover, according to a letter from Dwyer submitted by Vasquez in his habeas proceedings, Dwyer made substantial efforts to find Vasquez's criminal file.

Vasquez alleged that James Avigliano, the prosecutor, purposely lost or destroyed

his file to prevent him from getting a copy of the arrest warrant. However, Vasquez has not pleaded any facts to support his conclusory allegation that Avigliano destroyed the file and did so willfully. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Moreover, Avigliano has prosecutorial immunity. See Imbler v. Pachtman, 424 U.S. 409, 410 (1976).

Vasquez contended that Judge Clark of the Superior Court denied his post-conviction petition and ignored his motion to compel discovery. He alleged that she knew he had no files when she denied his PCR petition. Judge Clark is entitled to absolute immunity from suits for money damages. Stump v. Sparkman, 435 U.S. 349 (1978).

Vasquez also asserted that Dominic Palumbo, the Manager of the Criminal Division of the Superior Court of New Jersey, had an obligation to maintain his files and losing the file violated Vasquez's rights to due process. We agree with the District Court that Vasquez's allegations against appellee Palumbo fail to state a claim. See County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998)("[L]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process."). Moreover, in a letter submitted by Vasquez in his habeas proceedings, Palumbo informed him that the Criminal Division does not maintain discovery such as an arrest warrant and affidavit.

Vasquez also requested release from prison if his arrest warrant was not produced. This relief is not available in a civil rights action under § 1983 and must be sought via a

writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

For the above reasons, we will dismiss the appeal under 28 U.S.C. § 1915(e)(2)(B).